THOMAS ALLEN, JR. *vs.* CHARLES F. BERRY.

Suffolk.    December 4, 1923. — February 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Validity, Under seal. *Evidence,* Competency. *Fraud. Husband and Wife.*

At the trial of an action against a husband by one named as trustee for a wife in a contract under seal between him and the husband to enforce provisions of the contract requiring stipulated payments by the defendant to the plaintiff for the support and maintenance of the wife, evidence, offered as an equitable defence and tending to show fraudulent acts, omissions and concealment by the wife as a defence, that at the time of the making of the contract the wife had in her possession certain sums of money which belonged to the husband and that the husband made the contract with the understanding and belief that such sums would remain intact and would not be used by the wife or by the trustee until the termination of marital difficulties between them, and that the wife had appropriated such sums " to her own use and benefit, despite the contract entered into between the defendant and the plaintiff trustee," was inadmissible, as it did not tend to show any fraud with respect to the agreement upon which the contract was founded and did not constitute any defence at law or in equity.

CONTRACT, for $480, upon a contract under seal described in the opinion. Writ dated June 11, 1921.

In the Superior Court, the action was tried before *Morton,* J. Material evidence is described in the opinion. " The

defendant admitted the making, execution and the delivery
of the contract set forth in the declaration, and the non-
payment of the instalments due, and also admitted if any-
thing was due the amount set forth in the declaration was due,
but in defence of the contract offered evidence, both in cross-
examination of the plaintiff and of the plaintiff's *cestui que
trust,* that owing to the fraudulent acts of the *cestui que
trust* and because of concealment and misrepresentation·
of certain essential facts by the *cestui que trust* that said
contract was void and of no effect." The trial judge, having
refused to admit evidence offered by the defendant as
described in the opinion, ruled that there was no law under
which the plaintiff's rights under the contract would be
affected by conduct of the wife of the defendant: " If he
has any remedy against his wife for misappropriation of
funds, it seems to me it has got to be determined in some
other way than by setting up a defence in the Allen suit."
The trial judge thereupon ordered a verdict for the plaintiff
in the sum of $482.02. The defendant alleged exceptions.

The case was submitted on briefs.

*J. P. Walsh & H. A. J. Oppenheim,* for the defendant.

*D. P. Ranney,* for the plaintiff.

RUGG, C.J. This is an action to recover amounts due
under a contract signed and sealed by the plaintiff and
defendant of the tenor following: " In consideration of these
mutual covenants and our seals hereto affixed we, Dr. Charles
F. Berry and Thomas Allen, Jr., Trustee for Lorette C.
Berry, agree by and with each other, as follows: — The said
Dr. Charles F. Berry agrees to pay on or before the tenth
day of each and every month starting September 1st, 1920,
an amount equal to $30.00 per week, or $120 per month,
to said Thomas Allen, Jr., Trustee as aforesaid, for ·the
support and maintenance of said Lorette C. Berry, wife of
said Dr. Charles F. Berry. The said Thomas Allen, Jr.,
Trustee as aforesaid, agrees to receive said amount as afore-
said and transmit the same to the said Lorette C. Berry.
Witness our hands and seals the day and year first above
written." The defendant pleaded among other matters .
that his execution of the agreement was due to fraudulent

conduct of the plaintiff's *cestui*. The defendant made the following offer of proof: "that under the agreement the witness Allen, under direct and cross-examination of the *cestui* — that at the time that that written agreement was entered into the *cestui* had in her possession sums of money approximating several thousand dollars which belonged to the defendant, and that at that time the defendant agreed to pay the sum of $30 per week he made the agreement with the understanding and belief that these sums should remain intact and not be used by the *cestui* or the trustee until the termination of the marital difficulties between them. The defendant further offers to prove that the *cestui* has appropriated these various sums to her own use and benefit, despite the contract entered into between the defendant and the plaintiff trustee. The defendant offers as an equitable defence the fraudulent acts and omissions and concealment by the *cestui* as a defence."

The single exception is to the exclusion of this offer of proof. In this there was no error. Under G. L. c. 231, § 31, " The defendant may allege in defence any facts which would entitle him in equity to be absolutely and unconditionally relieved against the plaintiff's claim or cause of action or against a judgment recovered by the plaintiff in such action." This offer of proof constitutes no defence at law or in equity to the plaintiff's claim. The only parties to the contract are the plaintiff and the defendant. It is under seal. Only the parties to a sealed instrument can sue on it. The wife is not a party to this contract. The facts set forth in the offer of proof do not constitute fraud such as to avoid this contract. There is nothing to indicate that the plaintiff had knowledge of the facts or was in any particular in collusion with the defendant's wife. The final sentence of the offer is simply a characterization of the facts stated earlier and adds nothing to them. It sets out no new fact. Whatever may be the respective rights of the defendant and his wife to the property to which reference is made, no fraud is shown with respect to the contract on which the present action is founded. The most that could be inferred from the offer was a misunderstanding on

the part of the defendant as to what he expected his wife to do with his money in her hands. If his legal rights have been impaired by her with respect to that property, that controversy does not constitute the defence of fraud or any equitable defence to the present action.

*Exceptions overruled.*